IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0932-WJM-KLM

MICHAEL MCKEON, individually and on behalf of similarly situated persons,

    Plaintiff,

v.

INTEGRITY PIZZA LLC, and
INFINITY PIZZA LLC, d/b/a Dominos Pizza,

    Defendants.

## ORDER GRANTING AS AMENDED JOINT MOTION TO APPROVE STIPULATED FORM OF NOTICE OF COLLECTIVE ACTION AND TO STAY PENDING MEDIATION

Plaintiff Michael McKeon ("McKeon") brings this action against Defendants Integrity Pizza LLC and Infinity Pizza LLC d/b/a Dominos Pizza (together, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and similar state laws. (ECF No. 1 ¶¶ 1–2.)  McKeon claims that he was a delivery driver for Defendants, and Defendant's pay structure deprived drivers of FLSA-mandated minimum wage.

Currently before the Court is the parties' "Joint Motion to Approve Stipulated Form of Notice of Collective Action and to Stay Pending Mediation" (the "Motion") as well as a "Joint Notice of Consent to Magistrate Jurisdiction on ECF No. 23" for the limited purpose of ruling on the Motion.  (ECF No. 23.)  For the reasons explained below, the Court certifies the collective action; approves the notice procedure and form, as modified by the Court below; and grants the parties' request to stay all deadlines

pending mediation, except those related to notice to potential collective action members. The parties joint consent to magistrate judge jurisdiction for a limited purpose—assuming such a thing is even possible—is denied as moot. (ECF No. 43.)

## I. BACKGROUND

The following alleged facts are drawn from McKeon's Complaint and the Motion. (ECF Nos. 1 & 23.)

McKeon alleges that Defendants' failure to reasonably reimburse automobile expenses caused Defendants to undercompensate their delivery drivers. According to Plaintiff, Defendants required delivery drivers to maintain safe, legally-operable, insured automobiles when delivering pizza and other food. (ECF No. 1 ¶ 12.) Delivery drivers thus incurred costs for gasoline, vehicle maintenance, insurance, depreciation, and other expenses ("automobile expenses") while working for Defendants. (*Id.* ¶ 13.) Defendants maintained a delivery driver reimbursement policy applicable to all delivery drivers that reimbursed drivers on a per-delivery basis. (*Id.* ¶ 14.) Plaintiff contends that the per-delivery reimbursement fell "below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle." (*Id.* ¶ 14.) As a result, the per-delivery reimbursements paid by Defendant fell below actual automobile expenses, resulting in a "kickback" to Defendants sufficient to reduce delivery drivers' effective hourly compensation below the minimum wage. (*Id.* ¶¶ 18–19, 29.)

McKeon alleges that he is a former delivery driver for several of Defendants' Domino's pizza stores in Eagle, Parachute, Rifle, and Carbondale, Colorado. (ECF No.

2

1 ¶ 8.)  He further alleges that he was paid $6.50 per hour during his employment with Defendants, "including a tip credit applicable to the time he performed deliveries," and reimbursed between $0.20 and $0.25 per mile.  (*Id.* ¶ 23.)  During that same period, the federal hourly minimum wage was $7.25, with an IRS business mileage reimbursement rate between $0.56 and $0.535, and the Colorado hourly minimum wage was $9.30 before January 1, 2018, and $10.20 thereafter.  (*Id.* ¶¶ 25–26.)  He also contends that all of Defendants' delivery drivers were subject to the same reimbursement policy, incurred similar expenses, completed deliveries of similar distances and at similar frequencies, and were paid at or near the federal minimum wage before deducting unreimbursed expenses.  (*Id.* ¶ 28.)

## II.  LEGAL STANDARD

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated."  29 U.S.C. § 216(b).  Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery.  *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001).  At the notice stage, a plaintiff requires "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan."  *Id.* at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* in the FLSA context).  The standard for certification at this stage is a lenient one.  *See Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Management Co.*, 222 F.R.D.

483, 485 (D. Kan. 2004).

If a plaintiff meets this standard, the Court may order the defendant to provide contact information for employees that may be eligible to participate in the collective action, and may approve a form of notice to be sent to all of those individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Such notice is usually required because, unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require a party to opt in rather than opt out. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Obviously current or former employees cannot opt in if they do not know about the pending action.

### III. ANALYSIS

#### A. Collective Action Certification

Defendants consent to conditional certification of this case as a collective action under the FLSA. (ECF No. 23 at 2.) The parties stipulate to defining the collective action class under the FLSA as "all current and former delivery drivers employed by Defendants within three years preceding [date of this Order]." (*Id.*) McKeon alleges that he was reimbursed between $0.20 and $0.25 per mile while employed as a delivery driver, far below the IRS business mileage reimbursement rate and this underpayment reduced his net wages below the minimum wage. (ECF No. 1 ¶¶ 25–26, 29, 32.) McKeon also alleges that Defendants' failed to pay other delivery drivers. (*Id.* ¶¶ 31–32.) These allegations are sufficient to establish that the potential collective action

4

members were subject to "a single decision, policy, or plan" giving rise to their claims. *See Thiessen*, 267 F.3d at 1103.

Given the parties' joint Motion and upon independent review, the Court finds that McKeon has made allegations sufficient to meet the lenient standard for conditional FLSA collective action certification. *See Thiessen*, 267 F.3d at 1103. Accordingly, the Court will certify the proposed collective action as "All current and former delivery drivers employed by Defendant from April 12, 2016 to present."

### B.     Form of Notice & Notice Procedures

The parties have submitted a proposed, stipulated Notice and a Consent to Join form. (*See* ECF No. 23-1.) The Court adopts the parties' proposed Notice and Consent to Join Form, *as revised by the Court*. The Court generally approves the parties' requested notification procedures, with modifications as detailed further below.

### C.     Stay Pending Mediation

The parties request that the Court stay proceedings, including Defendants' obligation to file an Answer to the Complaint, pending mediation attempts. (ECF No. 23 at 3.) The parties also ask the Court to set a status conference 180 days after entry of this Court to inform the Court of their progress in reaching a settlement. (*Id.*) With the exception of the deadlines related to the notice and consent to join forms, the Court stays this litigation until October 9, 2019.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      The Parties' Joint Motion to Approve Stipulated Form of Notice of Collective

Action and Stay Pending Mediation (ECF No. 23) is GRANTED AS MODIFIED.

2. The Court CONDITIONALLY CERTIFIES a collective action under 29 U.S.C. § 216(b) with the eligible collective action class members defined as "All current and former delivery drivers employed by Defendant from April 12, 2016 to present."

3. The form of notice submitted at ECF No. 23-1 is APPROVED AS MODIFIED. The final, Court-approved version of the Notice and Consent to Join Form is docketed as an attachment to this Order (ECF No. 44-1), and a redlined version of the approved Notice and Consent to Join form is also docketed as an attachment (ECF No. 44-2).

4. No later than **May 13, 2019**, Defendants shall provide to Plaintiff's counsel a spreadsheet of all potential collective action members, which shall include each such employee's or former employee's name, last known mailing address, date of birth, employee ID number, dates of employment as a delivery driver, store location, and store number.

5. The parties shall effect notice to potential class members as follows:
    a. Within fourteen days of receipt of the spreadsheet, but in any event no later than **May 27, 2019**, Plaintiff SHALL MAIL the final Notice and Consent to Join Form to all potential collective action members via first-class U.S. Mail.
    b. Further, Plaintiff SHALL FILE a Notice of Completion of Mailing notifying the Court no later than three business days after this mailing has been

completed, and in any event no later than **May 30, 2019**.

    c.    If a Notice and Consent to Join form is returned as undeliverable or a potential opt-in Plaintiff requests a second copy within the 60 day opt-in period, Plaintiff shall provide the undeliverable notice or request to Defendants. Defendants shall provide to Plaintiff within 5 days thereafter the potential opt-in plaintiff's e-mail address, to the extent that the e-mail address is known by Defendants. Plaintiffs may then deliver the Notice and Consent to Join form by e-mail, and must send a second copy of the notice within 5 days.

6. Any individual who wishes to opt-in to this litigation must postmark his or her Consent to Join form on or before 60 days after the Notice and Consent to Join Form was sent, but in any event no later than **July 26, 2019**. However, for those potential opt-in plaintiffs whose initial notice was returned as undeliverable, or who request a second copy within the 60 day opt-in period, the Consent to Join form must be postmarked on or before 60 days after the original notice was mailed, or on or before 15 days after their second notice was mailed, whichever date is later, but in any event no later than **August 20, 2019**.

7. No later than **August 30, 2019**, Defendants shall produce, in Microsoft Excel format, delivery and reimbursement data for all opt-in Plaintiffs. The parties shall mediate or engaged in good-faith negotiations within 30 days of Defendants' production of such information, but in any event no later than **September 30, 2019**.

8. The Court GRANTS the parties request for a stay until **October 9, 2019**. No later than **October 8, 2019**, the parties must submit a joint status report advising the Court on the progress toward reaching a settlement, and whether they seek an extension of the stay for good cause shown.

Dated this 12th day of April, 2019.

BY THE COURT:

William J. Martínez
United States District Judge