**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-0932-WJM-KLM

MICHAEL MCKEON, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

INTEGRITY PIZZA LLC, and
INFINITY PIZZA LLC, d/b/a Dominos Pizza,

      Defendants.

---

**ORDER GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT**

---

Plaintiff Michael McKeon brings this lawsuit against Defendants Integrity Pizza LLC and Infinity Pizza LLC, d/b/a Dominos Pizza (together, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act ("Minimum Wage Act"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*  (ECF No. 1.)

Before the Court is the parties' Joint Motion for Preliminary Approval of the Parties' Settlement ("Joint Motion").  (ECF No. 54.)  McKeon, on behalf of himself and those similarly situated, and Defendants jointly ask the Court to preliminarily approve their proposed settlement agreement ("Settlement Agreement"), certify the proposed class for settlement purposes only, approve a proposed settlement notice, and set a final fairness hearing and related deadlines.  (*See id.* at 15.)

## I. CLASS CERTIFICATION

This Joint Motion seeks certification of the following class definition for

settlement purposes ("Settlement Class"):

> Delivery Drivers employed by Defendants between April 20,
> 2015 and August 6, 2020, who have not previously opted-in
> this matter.

(ECF No. 54 at 3.)

Based on the record and the parties' agreement, the Court finds that all of the

requirements of Federal Rule of Civil Procedure 23(a) are satisfied.  The parties

estimate that the Settlement Class consists of over 500 individuals, a large enough

number to make joinder impracticable.  (ECF No. 54 at 9.)  There are common

questions of law and fact central to the claims against Defendants, including whether

they were afforded statutory meal and rest breaks as required by Colorado law, whether

they were paid all reimbursement expenses in the manner required by federal and state

law, and whether they were correctly compensated for tipped and untipped work.  (*Id.* at

10–11.)  McKeon's claims are typical of the Settlement Class, as McKeon is a pizza

delivery driver previously employed by Defendants and subjected to Defendants' wage

and expense policies.  (*Id.* at 11.)  Finally, the Court finds that McKeon and his counsel

can fairly and adequately protect the interests of the Settlement Class.

To certify a class, the parties must show that, in addition to the requirements of

Rule 23(a), one of the provisions of Rule 23(b) have been met.  The Court finds that

certification is appropriate under Rule 23(b)(3) because questions of law or fact

common to class members predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fairly and

efficiently adjudicating the controversy.  As explained above, this case involves current

and former delivery drivers who were subjected to payment practices that allegedly

excluded certain incurred expenses and failed to ensure meal and rest breaks as

required by federal and state law.  Because the Settlement Class—estimated to include

over five hundred members—are arguably entitled to the same legal remedies, class

certification is judicially economical.  *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)

("[T]he class-action device saves the resources of both the courts and the parties by

permitting an issue potentially affecting every [class member] to be litigated in an

economical fashion under Rule 23.").  Moreover, because the recovery for any

individual Settlement Class member might be relatively small, a class action is a

superior method to fairly and efficiently adjudicate the Settlement Class's claims.

As McKeon has satisfied all of the requirements of Rule 23, the Court hereby

certifies the Settlement Class for settlement purposes.

## II.  SETTLEMENT AGREEMENT

"The purpose of the preliminary approval process is to determine whether there

is any reason not to notify the class members of the proposed settlement and to

proceed with a fairness hearing."  *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo.

2006).  "[T]he standard that governs the preliminary approval inquiry is less demanding

than the standard that applies at the final approval stage."  *Rhodes v. Olson Assocs.,

P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015) (internal quotation marks omitted).  A

proposed settlement should be preliminarily approved if it "appears to be the product of

serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval." William B. Rubenstein, *Newberg on Class Actions* § 13:10 (5th ed., Nov. 2018 update) (internal quotation marks omitted).

The Settlement Agreement appears to be the product of serious negotiations, has no obvious deficiencies, does not grant improper preferential treatment to the class representatives, and generally falls within the range of possible judicial approval. *See id.*

The Settlement Agreement also contains a *cy pres* provision that would distribute unclaimed funds to a third party in should the Court grant final approval. (ECF No. 54-1 at 8.) Because *cy pres* awards are infrequently used in class actions in the District of Colorado, the Court addresses whether the *cy pres* award provision is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

The Tenth Circuit has recognized that the *cy pres* doctrine in class action settlements "allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries," but has not otherwise expounded on the doctrine. *Tennille v. W. Union Co.*, 809 F.3d 555, 560 n.2 (10th Cir. 2015) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011)).

District courts in the Tenth Circuit have approved *cy pres* awards to third-party beneficiaries in class action settlements. *See In re Crocs, Inc. Sec. Litig.*, 2013 WL 4547404, at *5 (D. Colo. Aug. 28, 2013); *Childs v. Unified Life Ins. Co.*, 2012 WL

13018913, at *5 (N.D. Okla. Aug. 21, 2012).  A *cy pres* award is appropriate "only if the beneficiary is the next best use for indirect class benefit" and the "cy pres beneficiary . . . [is] related to the nature of a plaintiff's claims."  *Bailes v. Lineage Logistics, LLC*, 2016 WL 4415356, at *7 (D. Kan. Aug. 19, 2016) (internal quotation marks omitted and alterations incorporated); *but see In re Crocs*, 2013 WL 4547404, at *5 (preliminarily approving *cy pres* provision that awarded unallocated funds to an charitable organization with no immediately discernable ties to the purpose of the lawsuit).  Courts also evaluate whether beneficiaries are "carefully chosen to account for the nature of the lawsuit, the objectives of the underlying statutes, and the interests of silent class members, including their geographic diversity."  *In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. 488, 504 (D. Kan. 2012).  Courts have rejected *cy pres* awards when the parties failed to identify a proposed beneficiary, or when the beneficiary was "so unrelated to the claims" that the class members would not benefit.  *Better v. YRC Worldwide Inc.*, 2013 WL 6060952, at *6 (D. Kan. Nov. 18, 2013); *Bailes*, 2016 WL 4415356, at *7.

The parties' Settlement Agreement includes a *cy pres* provision providing that if there are any stale checks attributable to Settlement Class members after 180 days from the initial mailing, those funds will be delivered to the *cy pres* recipient, Domino's Partner's Foundation, a 501(c)(3) non-profit organization.  (ECF No. 54-1 at 8–9.)  According to the website for Domino's Partner's Foundation, this organization provides financial assistance to Domino's franchise and corporate team members following on-the-job accidents, fire or natural disasters, medical emergencies, or the death of an

immediate family member.  (*See* Domino's, *Domino's Partners Foundation*, *available at*

https://biz.dominos.com/web/public/about-dominos/partners-foundation (last visited

August 6, 2020).)

For purposes of preliminarily approving the Settlement Agreement, the Court is

satisfied that the proposed *cy pres* award is the "next best use for indirect class benefit"

for unclaimed settlement funds.  *See Bailes*, 2016 WL 4415356, at *7.  The allegations

forming the basis for this lawsuit are that Defendants—including Infinity Pizza LLC,

which does business as Domino's Pizza—failed to properly reimburse pizza delivery

drivers for expenses and overtime.  (ECF No. 54 at 1.)  Domino's Partner's Foundation

provides financial support for individuals in the same industry as those seeking to

vindicate their claims here.  The Court thus preliminarily finds that the *cy pres* award is

fair, reasonable, and adequate.

### III.  NOTICE OF CLASS ACTION SETTLEMENT

The parties have stipulated to a "Notice of Class Action Settlement" form, the

revised version of which is attached as an exhibit to this Order.  The Court has

reviewed the notice and finds it appropriate.  In addition, the Court finds that the

procedures for notifying potential members of this collective action and Settlement

Agreement set forth in the "Notice of Class Action Settlement" are satisfactory.

### IV.  CONCLUSION

The Court hereby FINDS and ORDERS as follows:

1. The Joint Motion for Preliminary Approval of the Parties Settlement (ECF

   No. 54) is GRANTED;

2.     The Court CERTIFIES a class with the following definition: "Delivery
       Drivers employed by Defendants between April 20, 2015 and August 6,
       2020, who have not previously opted-in this matter."

3.     The Settlement Agreement (ECF No. 54-1) is PRELIMINARILY
       APPROVED as fair and reasonable;

4.     The revised proposed class notice as modified by the parties is
       APPROVED, and is attached as an exhibit to this Order;

5.     The Joint Motion for Telephonic Status Conference (ECF No. 61) is
       DENIED AS MOOT;

6.     The Settlement Administrator, agreed to be the Parties pursuant to the
       terms of the Settlement Agreement, shall complete distribution of the
       Court-approved notice to all Class Members by **August 16, 2020**.
       Further, within **three days** of completing the distribution, McKeon SHALL
       FILE a Notice of Completion of Mailing notifying the Court when the
       mailing has been completed;

7.     The mailing of the class notice form will commence a **60-day notice
       period** and any objections to the Settlement Agreement must be post-
       marked or received by the Settlement Administrator no later than **October
       15, 2020**;

8.     Settlement Class members who wish to join the collective action must sign
       and submit the Claim Form attached to the Notice of Class Action
       settlement by **October 15, 2020**;

9.     Settlement Class members who wish to be excluded from the collective action must provide written notice of their desire to be excluded to the Settlement Administrator by **October 15, 2020**;

10.    Settlement Class members wishing to object to the Court's approval of the Settlement Agreement shall file their objection in writing with the Court and the parties by **October 15, 2020**.  The parties' counsel shall promptly file any such objection with the Court.  Counsel for the parties may file a response to any objections filed as part of, or contemporaneous with, the parties' application for final settlement approval.  Plaintiff's counsel may communicate with Settlement Class members regarding their objections and may advise the Court of any Settlement Class members who have communicated that they wish to withdraw their objections.  Objections may be withdrawn only with the Court's approval;

11.    The parties' motion seeking final approval of the settlement, including counsel's final request for attorneys' fees and costs, and any incorporated responses to objections received, shall by filed with the Court and served on any timely objectors no later than **October 22, 2020**, 21 days before the fairness hearing.  Any written responses to this motion shall be filed with the Court no later than **October 29, 2020**, 14 days before the fairness hearing.  These deadlines for Court filings do not alter the obligation to comply with the 60-day period for submitting any written objections, as set out above;

12.   A fairness hearing is scheduled for **November 12, 2020 at 9:30 a.m.** at

the United States District Court for the District of Colorado, Alfred A. Arraj

Building, 901 19th Street, Denver, Colorado 80294-3589, in Courtroom

A801 to determine whether the Court will give final approval to the

Settlement Agreement; and

13.   Any class member who has submitted an objection in writing within the

60-day period set forth above may appear at the fairness hearing and be

heard as to why the Settlement Agreement should not be approved as

fair, reasonable, and adequate; why a judgment should not be entered

upon the settlement; or why attorneys' fees and expenses should not be

awarded to class counsel.  Any class member who fails to object or

otherwise request to be heard will be deemed to have waived the right to

object to the settlement.

Dated this 6ᵗʰ day of August, 2020.

BY THE COURT:

William J. Martínez
United States District Judge