## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement ("Agreement") is entered into by and between Named Plaintiff Michael McKeon ("Named Plaintiff"), on behalf of himself, Opt-In Plaintiffs and the Class Members (as herein defined), and Defendants Integrity Pizza LLC and Infinity Pizza LLC ("Defendants"), and the Released Parties (as herein defined).

## RECITALS

WHEREAS, Named Plaintiff filed a Complaint against Defendants in the United States District Court for the District of Colorado, entitled *McKeon v. Integrity Pizza LLC et a.*, Civil Action No. 1:18-cv-932 ("the "Litigation");

WHEREAS, the Litigation asserts collective action claims under the Fair Labor Standards Act ("FLSA"), and class claims under Colorado state wage and hour laws, specifically the Colorado Wage Claim Act, §§ 8-4-101 *et seq.*, the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.*, as implemented by the applicable Colorado Minimum Wage Order (collectively, the "Colorado Wage and Hour Laws"), alleging that Defendants allegedly failed to properly compensate delivery drivers and reimburse delivery drivers for vehicle expenses; and

WHEREAS, as part of this settlement, the Litigation includes additional claims through an Amended Complaint as more fully discussed herein; and

WHEREAS, the Litigation seeks unpaid wages, unreimbursed expenses, liquidated damages, interest, attorneys' fees and costs on behalf of current and former delivery drivers who have been employed at Defendants' stores during times relevant; and

WHEREAS, to facilitate potential resolution of the claims, Defendants consented to conditional collective action certification of the FLSA claims; and

WHEREAS, Defendants deny and continue to deny the allegations in the Litigation and deny and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding liability, wrongdoing, or damages, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden and expense of continuing the Litigation; and

WHEREAS, Plaintiffs' Counsel have vigorously litigated this matter, have analyzed payroll, delivery and expense reimbursement data produced by Defendants, and have interviewed numerous current and former delivery drivers regarding the Plaintiffs' claims and potential claims; and

WHEREAS, Plaintiffs' Counsel have thoroughly analyzed and evaluated the merits of the claims and potential claims against Defendants, the merits of Defendants' responses to those claims, Defendants' potential defenses, the potential damages to be recovered at a trial, and the impact of this Agreement on the Plaintiffs; and

WHEREAS, based on Plaintiffs' Counsel's analysis and evaluation of relevant factors, and recognizing the risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in no recovery whatsoever for the Plaintiffs and Settlement Class Members, might result in a recovery less favorable to the Plaintiffs and Settlement Class Members, might result in a recovery more favorable to the Plaintiffs and Settlement Class Members, and the likelihood that any recovery for any portion of the damages claimed would not occur for several years, counsel for the Parties are satisfied that the terms and conditions of the Agreement are fair, reasonable, and adequate, and Plaintiffs' Counsel and the Named Plaintiff are satisfied that this Agreement is in the best interest of the Plaintiffs and Settlement Class Members.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions, subject to Court approval of the settlement and dismissal of the Litigation with prejudice:

## 1. DEFINITIONS

The terms set forth herein shall have the meanings ascribed to them below.

**"Agreement"** means this Agreement inclusive of any exhibits referenced herein and any binding amendments.

**"CAFA Notices"** means notices to state and federal regulators of any proposed settlement under the Class Action Fairness Act, 28 U.S.C. 1332(d), 1453, and 1711-1715.

"**Complaint(s)**" means the most recent Complaint or Amended Complaint on file in the Litigation.

**"Claims Administrator"** means a person or company to be selected and paid for by Defendants.

"**Class Members**" or **"Settlement Class Members"** means delivery drivers employed by Defendants for any period of time between April 20, 2015 and [date Court grants preliminary approval of settlement] ("Class Period"), who have not previously opted-in to the Litigation as Plaintiffs (defined below) identified in attached Exhibit A.

**"Defendants"** means Integrity Pizza LLC and Infinity Pizza LLC.

"**Defendants' Counsel**" means Nixon Shefrin Hensen Ogburn PC.

"**Effective Date**" means the Effective Date of this Agreement, which shall be 31 days after the Court's final approval of the settlement set forth in this Agreement.

**"Final Approval Hearing"** means the hearing that the Court conducts to determine whether to finally approve and implement the settlement. In no event shall the Final Approval Hearing be scheduled earlier than 90 days after the CAFA notices are served on the appropriate federal and state government officials as set forth herein.

"**Litigation**" means *McKeon v. Integrity Pizza LL. et al.*, pending in the United States District Court for the District of Colorado, Civil Action No. 1:18-cv-932.

"**Named Plaintiff**" means Michal McKeon and includes any and all of his representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns, as applicable and without limitation.

"**Parties**" means the Plaintiffs, the Class Members, and Defendants.

"**Plaintiffs**" means the Named Plaintiff and all individuals who have filed opt-in consents prior to August 21, 2019, as identified in the attached Exhibit B.

"**Plaintiffs' Counsel**" means Forester Haynie PLLC.

"**Qualified Settlement Fund**" or "**QSF**" means the account established by the Claims Administrator into which Defendants will pay that portion of the Settlement Amount necessary to pay: (1) Court-approved attorneys' fees and costs for Plaintiffs' Counsel; (2) Court-approved Service Awards to Named Plaintiff as specified herein; (3) the claims of all Plaintiffs; and (4) the claims of all Settlement Class Members. The QSF will be controlled by the Claims Administrator subject to the terms of this Agreement, the Court's Orders for Preliminary Approval and Final Approval of the agreement entered into by the Parties through their counsel.

"**Released Parties**" means Integrity Pizza LLC, Infinity Pizza LLC, and any related entities, along with their respective owners, members, stockholders, unit holders, franchisors, including Domino's Pizza LLC (and its related entities), predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, insurers, subsidiaries, affiliates, independent contractors and all persons and entities acting by, through, under or in concert with them.

"**Released Claims**" means causes of action as specified in ¶4 herein.

"**Round 1 Notice**" means the form of notice previously sent following the Court's Order granting conditional certification, which was returned by the individual Plaintiffs and filed as ECF No. 44-1 in the Litigation.

"**Round 2 Notice**" means the form of notice to be sent following the Court's entry of an Order granting preliminary approval of the Settlement to the individual Settlement Class Members specifically identified in the attached Exhibit, a form of which is attached as Exhibit C.

"**Settlement**" means the settlement of the Litigation pursuant to the terms of this Agreement.

"**Settlement Amount**" means the payments required of Defendants under this Agreement in the gross amount of $396,205.00 (USD) which shall be paid into the QSF and distributed per the terms of this Agreement, subject to approval by the Court.

## 2. APPROVAL AND CLASS NOTICE

2.1 **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to achieve a full and final settlement in the Litigation.

2.2 **Retention and Payment of Claims Administrator.** The Claims Administrator will be responsible for locating Settlement Class Members through commercially reasonable efforts. Prior to sending notices, the Claims Administrator will run all names and addresses through the National Change of Address Database to update any addresses. The Claims Administrator will send the Round 2 Notice to the Settlement Class Members. The Claims Administrator will then perform a skip trace for all returned Round 2 Notices to find an updated address. The Claims Administrator will also be responsible for mailing CAFA notices to the appropriate federal and state government officials; mailing and re-mailing, if necessary the Round 2 Notices to Settlement Class Members in accordance with the Court's Preliminary Approval Order; responding to inquiries from Plaintiffs and Settlement Class Members; resolving disputes relating to individual settlement share amounts of Settlement Class Members not resolved by Counsel; reporting on the state of the settlement to the Parties; distributing the QSF to Plaintiff's Counsel and Settlement Class Members; calculating the amount of Settlement Checks in accordance with the Court's Final Approval Order; preparing a declaration regarding its due diligence in the claims administration process; providing counsel with any information related to the administration of the Settlement upon reasonable request; and performing such other duties as the Parties may jointly direct or as are specified herein.

(A) All fees and costs of the Claims Administrator shall be paid by Defendants separate from the QSF and not taken out of the Settlement Amount.

(B) The Claims Administrator will provide regular reports to the Parties regarding the status of the mailing of the Round 2 Notices to Settlement Class Members, the Settlement administration process, the substance and status of disputes raised by Settlement Class Members regarding the calculation of settlement amounts, and distribution of the Settlement Checks.

(C) In the event of a dispute regarding an individual's settlement payment, the Claims Administrator shall promptly report the nature of the dispute to Plaintiffs' Counsel and Defendants' Counsel, who will confer in good faith with the Claims Administrator in an effort to resolve the dispute. In the event that counsel are unable to reach agreement, the Claims Administrator shall decide the dispute, and its decision shall be final and binding on the Parties.

(D) The Parties and Counsel agree to cooperate with the Claims Administrator and to: i) provide accurate information, to the extent reasonably available, necessary to calculate the individual Plaintiffs and Settlement Class Members' settlement payments; and ii) assist the Claims Administrator in locating Class Members.

**2.3** **Preliminary Approval Motion.**

 (A) The Parties shall file a Joint Motion for Preliminary Approval within 7 days after execution of this Agreement. Plaintiffs' Counsel shall file an amended complaint including a claim for unpaid meal and rest breaks with supporting allegations, an unpaid overtime claim with supporting allegations, and a dual jobs claim with supporting allegations.

 (B) If the Court denies the Preliminary Approval Motion, the Parties agree to work in good faith to jointly seek reconsideration of the ruling or attempt to renegotiate the Settlement and seek Court approval of a renegotiated settlement. Thereafter, if the Court denies the Preliminary Approval Motion, this Agreement shall be null and void and the Litigation will resume as if no settlement had been attempted. Defendants retain the right to contest whether the Litigation should be maintained as a class and/or collective action and to contest the merits of the claims being asserted in the Litigation.

 (C) The Parties will work together, diligently and in good faith, to obtain expeditiously a Preliminary Approval Order, Final Approval Order, and Final Judgment of Dismissal.

**2.4** **CAFA Notices.** The Claims Administrator shall send notice to the appropriate federal and state officials in accordance with the Class Action Fairness Act (CAFA) within ten (10) days after the Court's Order granting the Joint Motion for Preliminary Approval. The Claims Administrator shall be responsible for any and all other CAFA notices or obligations required by law with respect to this Agreement.

**2.5** **Notice to Settlement Class Members.**

 (A) Within seven (7) days of Plaintiffs' filing of the Joint Motion for Preliminary Approval, Defendants will provide the Claims Administrator, in electronic form, the following information for all Settlement Class Members: (1) name; (2) social security number; (3) last known email and physical address; (4) dates of employment; (5) miles driven between April 20, 2015 and [the date the Court grants the motion for preliminary approval]; and (6) reimbursements received during April 20, 2015 and [the date the Court grants the motion for preliminary approval] ("Settlement Class List"). This data shall be based on Defendants' payroll and other business records and shall also be used to prepare the CAFA notices.

 (B) Within ten (10) days of the Court's Order granting the Joint Motion for Preliminary Approval the Claims Administrator will mail to Settlement Class Members, via First-Class United States Mail, postage prepaid, the Court-approved Notice of Settlement of Class Action Lawsuit and Fairness Hearing. The Claims Administrator shall keep accurate records of the dates on which it sends Round 2 Notices to all Settlement Class Members.

(C) The Claims Administrator will take commercially reasonable steps to obtain the correct address of any Class Members for whom a Round 2 Notice is returned by the Post Office as undeliverable and shall attempt re-mailings as described in the Agreement.

**2.6  Motion for Judgment and Final Approval.**

Not later than 21 days after the end of the Notice Period (as defined below), Plaintiffs' Counsel will submit to Defendants' Counsel a draft Joint Motion for Judgment and Final Approval (the "Final Approval Motion"). Defendants' Counsel shall have seven (7) days to review and make any revisions to the Final Approval Motion. Plaintiff shall file the Joint Motion for Final Approval and Proposed Final Approval Order at least 21 days before the Fairness Hearing.

**2.7  Entry of Judgment.**  In the Final Approval Motion and at the Fairness Hearing, the Parties will request that the Court, among other things, (a) enter Judgment in accordance with this Agreement, (b) approve the Settlement and Agreement as final, fair, reasonable, adequate, and binding on all Plaintiffs and Class Members, and (c) dismiss the Litigation with prejudice.

**2.8  Effect of Failure to Grant Final Approval.**  The Settlement and this Agreement are contingent upon the Court's approval of the Settlement and this Agreement.  In the event: (1) the Court fails to enter a Final Approval Order approving the Settlement; and (2) the Parties do not jointly agree to (a) seek reconsideration or appellate review of the decision denying entry of the Judgment, or (b) attempt to renegotiate the Settlement and seek Court approval of the renegotiated settlement, then the Settlement and this Agreement will become null and void *ab initio*.  In the event the Settlement and this Agreement become null and void:

(A) The Parties shall have no further rights or obligations under this Agreement or the Supplemental Settlement Agreements and the pleadings shall revert to *status quo ante* and Defendants shall maintain all rights and defenses including the right to contest certification.

(B) The Litigation will proceed as if no settlement had been attempted. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

(C) Notice will be provided to Plaintiffs and Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made under the Agreement.  Such notice shall be mailed by the Claims Administrator via First-Class United States Mail, postage prepaid, to the addresses used by the Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

(D) This Agreement (including Exhibits) will not be used for any purpose in connection with the Litigation, any future litigation, or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint,

except that the non-disclosure obligations in Section 5 below will remain in effect.

**3.    SETTLEMENT TERMS**

**3.1    Settlement Payments.**

    (A)    Defendants agree to pay the Settlement Amount to fully and finally resolve and satisfy any and all claims by Plaintiffs and Class Members, inclusive of all unpaid wages, unreimbursed expenses, overtime, penalties, fines, liquidated damages, interest, costs, taxes, court costs, attorneys' fees and costs, and service awards, in exchange for the Plaintiffs' and Class Members' agreement to the releases contained below. Under no circumstances will Defendants be required to pay more than the gross total of $396,205.00 (USD) under the terms of this Agreement (excluding costs of settlement administration). Said total payment amount shall be made and distributed as follows:

        i.    By no later than fourteen (14) days after the Effective Date of the Agreement, Defendants shall pay $396,205.00 (USD) into the QSF.

        ii.    After deductions provided in Section 3.2 below, all remaining funds shall be distributed to the Plaintiffs and Settlement Class Members on a pro rata basis and as follows:

            (1)    For each Class Member, the total number of his or her recorded miles driven for Defendant during the Class Period (April 20, 2015 to date Court grants preliminary approval) shall be his/her "Individual Miles." The aggregate of all Individual Miles among all Settlement Class Members shall be the "Class Miles."

            (2)    Each Class Member's Individual Miles shall be divided by the Class Miles to obtain his/her "Payment Ratio."

            (3)    Each Class Member's Payment Ratio shall be multiplied by the Net Settlement Amount to arrive at his/her Potential Settlement Payment.

Plaintiffs that previously opted-in to the Litigation will receive an approximate 1.8 times premium of their *pro rata* share.

If Class Member timely submits a claim form, he or she will receive a *pro rata* share of the settlement equal to his or her Potential Settlement Payment based on the above formula.

If a Class Member does nothing, he or she will still receive a minimum average payment, which will be calculated by dividing the remaining Class Claim Settlement Fund following payment of funds claimed by Settlement Class Members by the total number of remaining class members.

iii.     Within ten (10) days after the Court's Order finally approving the Settlement, and receipt of all necessary IRS documentation to process the payments set forth herein, the Claims Administrator shall email to the Parties' Counsel a spreadsheet containing the breakdown of the settlement distribution based on data contained in the Final Class List ("Distribution Spreadsheet"), along with any IRS documentation (e.g., Forms W-4 and/or W-9) necessary to process the settlement payments set forth herein. The Parties' Counsel shall review and approve the Distribution Spreadsheet and advise the Claims Administrator in writing of their approval; in the event that modifications are required, Plaintiffs' Counsel and Defendants' Counsel shall work in good-faith to make appropriate adjustments and shall advise the Claims Administrator of their agreement of the approved distribution amounts and shall provide the Claims Administrator the final approved "Distribution Spreadsheet." Within 21 days of the Effective Date of the Agreement, and after receipt of the Distribution Spreadsheet, the Claims Administrator will process and send: (1) a check to Plaintiffs' Counsel for the total amount of Attorneys' Fees and Costs, as approved by the Court; (2) Plaintiffs' checks in the amount specified in the Distribution Spreadsheet identified herein to Plaintiffs' Counsel for distribution to each Plaintiff; (3) a check to Named Plaintiff for the Service Awards, as approved by the Court, to Plaintiffs' Counsel for distribution to Named Plaintiff; and (4) a check directly to each Class Member in the amount specified in the Distribution Spreadsheet identified herein.

iv.     PRIOR TO SENDING ANY CHECK FOR MORE THAN ONE THOUSAND DOLLARS ($1,000.00), THE SETTLEMENT FUND ADMINISTRATOR SHALL CONTACT DEFENSE COUNSEL FOR CLEARANCE TO SEND THE CHECK. DEFENSE COUNSEL SHALL PROVIDE A RESPONSE TO THE REQUEST FOR CLEARANCE WITHIN SEVEN (7) BUSINESS DAYS. THIS PROVISION IS TO ENSURE LEGAL COMPLIANCE WITH C.R.S. § 26-13-122.7.

v.     If any payments are returned by the postal service as undeliverable, Claims Administrator will run the names and addresses through the National Change of Address Database to update any addresses for those checks that were returned as undeliverable. The Claims Administrator will then perform a skip trace for all returned checks to find an updated address. If an updated address is found, a second mailing will be made. It is the Parties' intention that the Claims Administrator make reasonable efforts to identify and locate class members and distribute the settlement proceeds to the Class Members in accordance with the Distribution Spreadsheet.

vi.     After 180 days from the initial mailing, in the event that there are any stale checks attributable to any Plaintiff or Settlement Class Member, those funds will be delivered to the *cy pres* recipient Domino's Partner's

Foundation, which is a 501(c)(3) non-profit organization, https://dominosdfa.com/partners-foundation/.

(B)    Subject to Court approval, $5,000 shall be distributed to Named Plaintiff as a Service Award in recognition of, and in consideration for, the substantial assistance rendered to Plaintiffs' Counsel and to the Litigation in pursuing the rights of Plaintiffs and Settlement Class Members. The Administrator will deliver this payment c/o Plaintiffs' counsel within 21 days after the Effective Date.

(C)    The Final Approval Motion shall contain Plaintiffs' counsels' application for fees and costs, which shall not exceed $133,000 plus up to $15,000.00 in costs. Defendants agree not to contest Plaintiffs' Counsel's fee and costs application. The Administrator will deliver the fees and costs awarded by the Court as directed by Plaintiffs' counsel within 21 days after the Effective Date.

(D)    Defendants shall pay the Claims Administrator its costs and fees in administering the settlement.

**3.2    Nature of Payments / Taxation of Settlement Disbursements.**

(A)    The Parties agree that, for tax purposes, the Settlement Payments funds distributed to Plaintiffs and Settlement Class Members will be treated as non-taxable payments for reimbursement of incurred business expenses and in settlement of claims for alleged interest and penalties. No payroll or tax withholdings will be taken from these payments.

(B)    The Parties agree that, for tax purposes, the Service Award to the Named Plaintiff under Section 3.1(B) above shall be treated as non-employee income and the Claims Administrator shall issue Named Plaintiff an IRS Form 1099 in the amount of the Service Award.

(C)    All payments made to Plaintiffs and Settlement Class Members in resolution of their claims in this Litigation will not be considered for purposes of calculating, or recalculating, benefits provided by Defendants under the terms or conditions of any benefits or compensation plan.

(D)    Each Plaintiff and Settlement Class Member shall be solely and exclusively responsible for their taxes, interest and penalties, if any, of any nature, owed with respect to any payment received by them under this Agreement and will indemnify and hold Defendants, the Released Parties, Defendants' Counsel, Defendant's insurers, and Plaintiffs' Counsel harmless from and against any and all taxes, penalties, and interest of any nature assessed as a result of a Plaintiff or Settlement Class Member's failure to timely and properly pay their taxes.

4.      **RELEASE**

4.1     **Release of Claims by Settlement Class Members.**

Each Settlement Class Member who does not exclude him or herself from this Agreement irrevocably and unconditionally waives, releases, extinguishes, acquits, and forever discharges any claim he or she may or might have against Integrity Pizza LLC, Infinity Pizza LLC or any of the Released Parties (as defined by the Settlement Agreement) for causes of action claimed or which could have been claimed in the Litigation from April 20, 2015 to [the date of the Court's Order finally approving settlement] for unpaid minimum and overtime wages that were asserted in the Litigation, or that arise out of facts asserted in the Litigation, including minimum wage and overtime claims, known or unknown, any such claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and the Colorado Wage and Hour Laws whether known or unknown, including any related claims for liquidated damages, penalties, attorneys' fees, costs, and interest.

4.2     **Release Language Included with Settlement Class Member Checks.**

The Claims Administrator will include in the envelope containing the check to each Class Member and Plaintiff's Counsel will include in the envelope containing the check to each Plaintiff the language of this release provision along with an explanation that each Class Member and Plaintiff is bound by the terms of this Agreement, and specify the Release of Claims provision set forth in this Section, as follows:

Dear [insert Class Member name]:

You are receiving the enclosed settlement check as part of the settlement in the *McKeon v. Integrity Pizza LLC et al.* litigation. As described in the Notice of Class Action Settlement you previously received, because you did not timely opt-out of the settlement, you are bound by the terms of the Settlement and Release Agreement between the Parties, including the following release of claims:

*Each Settlement Class Member who does not exclude him or herself from this Agreement irrevocably and unconditionally waives, releases, extinguishes, acquits, and forever discharges any claim he or she may or might have against Integrity Pizza LLC, Infinity Pizza LLC or any of the Released Parties (as defined by the Settlement Agreement) for causes of action claimed or which could have been claimed in the Litigation from April 20, 2015 to [the date of the Court's Order finally approving settlement] for unpaid minimum and overtime wages that were asserted in the Litigation, or that arise out of facts asserted in the Litigation, including minimum wage and overtime claims, known or unknown, any such claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and the Colorado Wage and Hour Laws whether known or unknown, including any related claims for liquidated damages, penalties, attorneys' fees, costs, and interest.*

> If you have any questions regarding your settlement payment, please contact the Claims Administrator at **[insert contact information]**.

**4.3**     **Release of Claims by Plaintiffs.**

Each Plaintiff unconditionally waives, releases, extinguishes, acquits, and forever discharges any claims he or she may or might have against Integrity Pizza LLC, Infinity Pizza LLC or any of the Released Parties (as defined by the Settlement Agreement) for all causes of action claimed or which could have been claimed in the Litigation from April 20, 2015 to [the date of the Court's Order finally approving settlement] for unpaid minimum and overtime wages that were asserted in the Litigation, or that arise out of facts asserted in the Litigation, including minimum wage and overtime claims, known or unknown any such claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and the Colorado Wage and Hour Laws whether known or unknown, including any related claims for liquidated damages, penalties, attorneys' fees, costs, and interest.

**4.4**     **Release Language Included with Plaintiffs' Checks.**

Plaintiff's counsel will include in the envelope containing the check to each Plaintiff the language of this release provision along with an explanation that each Plaintiff is bound by the terms of this Settlement Agreement, and specify the Release of Claims provision set forth in this Section, as follows:

> Dear [insert Opt-In Plaintiff name]:
>
> As described in the Settlement Agreement you previously received and signed, you are bound by the terms of the Settlement and Release Agreement, including the following release of claims:
>
> Any claims he or she may or might have against Integrity Pizza LLC, Infinity Pizza LLC or any of the Released Parties (as defined by the Settlement Agreement) for all causes of action claimed or which could have been claimed in the Litigation from April 20, 2015 to [the date of the Court's Order finally approving settlement] for unpaid minimum and overtime wages that were asserted in the Litigation, or that arise out of facts asserted in the Litigation, including minimum wage and overtime claims, known or unknown any such claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and the Colorado Wage and Hour Laws whether known or unknown, including any related claims for liquidated damages, penalties, attorneys' fees, costs, and interest.
>
> If you have any questions regarding your settlement payment, please contact the Claims Administrator at **[insert contact information]** or Plaintiff's counsel at **[insert contact information]**.

**4.5**     **Release of Fees and Costs.** All Plaintiffs and the Settlement Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they

have or may have against Defendants or the Released Parties for attorneys' fees, costs, and expenses associated with this Litigation, including but not limited to those attorneys' fees, costs, and expenses associated with Plaintiffs' Counsel's representation of the Plaintiffs and the Settlement Class Members in this Litigation. The attorneys for Plaintiffs and the Settlement Class Members further understand and agree that any payment for their fees and costs pursuant to this Agreement shall be the full, final, and complete payment of all attorneys' fees, costs, and expenses associated with their representation of Plaintiffs and the Settlement Class Members in this Litigation.

**4.6** **No Assignment.** The Named Plaintiff, on behalf of himself, Plaintiffs, and the Class Members, represent, warrant,  and agree that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

**4.7** **Non-Admission of Liability.** By entering into this Agreement, Defendants and the Released Parties in no way admit any violation of law or any liability whatsoever to the Plaintiffs or the Class Members, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Settlement of the Litigation and all acts performed or documents executed in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants, or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation;  (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c), are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class or collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement and any amendment or exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason, except a proceeding to enforce the terms of this Agreement.

**4.8** **Stay Pending Approval.**   The Parties agree to continue the current stay of the proceedings in the Litigation, pending final approval of the Settlement.

**4.9** **Opt-Outs/Exclusions from the Settlement.**

(A)   Class Members who wish to opt out from the Settlement and this Agreement must submit a timely written notification of intent to opt out of the Settlement ("Opt-Out Notice") no later than 60 days from the initial mailing of the Round 2 Notice ("Notice Period").  To be valid, the Opt-Out Notice must contain the following statement or a similar statement.

> I wish to opt out of the settlement of the case *McKeon v. Integrity Pizza LLC, et al.*  I understand that by requesting to opt out from the Settlement, I will receive no money from the settlement fund

created in accordance with the settlement of that case. I understand that if I opt out from the class monetary settlement, I may bring a separate action.

(B)     A Class Member who submits an Opt-Out Notice is not eligible to recover a share of the Settlement.

**4.10    Objections.**

(A)     Settlement Class Members who wish to object to this Agreement must send a written objection to the Claims Administrator as provided in the Round 2 Notice no later than 60 days from the initial mailing of the Round 2 Notice. Objections will be deemed timely returned if they are postmarked on or before the 60th day after the initial mailing of the Round 2 Notice.

(B)     The objection must include the objecting party's full name, address, telephone number, and email address and must identify any counsel involved. The objection will state the objection to the Settlement, the basis for the objection, and all documents that support the objection. Settlement Class Members who fail to make objections in the manner specified above will be deemed to have waived their ability to object to the Agreement and, therefore, will be foreclosed from making any objection (whether by subsequent objection, intervention, appeal, or otherwise) to the Agreement.

(C)     Settlement Class Members who have not filed and served timely written objections may not speak at the Final Approval Hearing. If the Claims Administrator receives an objection, it will immediately provide copies to Plaintiffs' Counsel and Defendants' Counsel.

**5.    NON-DISCLOSURE AND PUBLICITY**

5.1     Prior to submission of the Agreement to the Court for preliminary approval, the Named Plaintiff and his counsel will not contact, or comment to, the media about the settlement or this Agreement, or disclose, make known, discuss, or relay orally or in writing, electronically or otherwise, the existence or terms of the settlement or this Agreement, or any information concerning or discussions leading up to the settlement or this Agreement.

5.2     After submission to the Court of the Motion for Preliminary Approval, neither Named Plaintiff, nor Defendants, nor counsel to any Party, may make any public comment, make or have any communications to or with the press or media or issue any press release or media release, regarding the terms of this Agreement, except that Counsel may state that a settlement has been reached. Notwithstanding the foregoing, the Parties shall have the right to disclose this Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles and may disclose in legal proceedings a summary of the terms of this Agreement. Nothing in this paragraph prohibits Plaintiffs' Counsel from communicating with their clients including Class

Members. Further, nothing in this paragraph prohibits Plaintiffs' counsel from disclosing their representation in this matter in fee applications.

5.3    Nothing in this Agreement shall prohibit Counsel for the Parties from disclosing information concerning this Agreement, to their employees, or their agents to effectuate the terms of this Agreement. Moreover, nothing in this Agreement shall prohibit Defendants from disclosing information concerning this Agreement to their employees or agents to the extent necessary to effectuate the terms of this Agreement or to other individuals who otherwise have a need to know the terms of this Agreement. The Parties may also disclose information concerning this Agreement to their respective counsel and tax, audit, and legal advisors.

5.4    Nothing in this Agreement shall prevent Defendants or Defendants' Counsel from making any necessary, appropriate, or required disclosures to Defendants' regulators, auditors, bankers, and the like, or from complying with its obligations under the law.

5.5    Nothing herein shall be construed to impede on or interfere with Plaintiffs' Counsel's ability to communicate with Plaintiffs or Settlement Class Members after the Court grants Preliminary Approval of the Settlement.

5.6    Plaintiff's Counsel further agrees that Defendant may file an unopposed motion to restrict access to this settlement agreement consistent contemporaneously with the Preliminary Motion for Approval.

6.    **MISCELLANEOUS**

6.1    **Cooperation Between and Among the Parties; Further Acts.** The Parties shall reasonably cooperate with each other in a timely manner and shall take all necessary steps to effectuate this Agreement.

6.2    **Entire Agreement.** This Agreement including any exhibits constitutes the entire agreement between the Parties, and all prior negotiations and understandings between the Parties shall be deemed merged into this Agreement.

6.3    **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length with the assistance of an experienced mediator, Todd McNamara, Esq. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied on by the Parties in entering into this Agreement. The Parties have been represented and assisted by counsel through the negotiation and drafting of this Agreement.

6.4    **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect on the construction or interpretation of any part of this Agreement.

6.5    **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this

Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship. With the exception of the Release provisions contained herein, if any provision(s) of this Agreement are held to be illegal, invalid, or unenforceable under present or future laws, any such provision(s) will be interpreted and revised only to the extent necessary to bring it within the requirements of the law and enforceable. In that event, the remainder of this Agreement will thereafter be construed and enforced as if the illegal, invalid, or unenforceable provision(s) had never comprised a party of the Agreement. The remaining provision(s) of the Agreement will continue in full force and effect and will not be affected by any illegal, invalid, or unenforceable provision(s) or by their severance. In the event that any of the Release provisions are held to be illegal, invalid, or unenforceable under present or future laws, Defendants reserve the right to void the Agreement.

6.6     **Costs.** Except as otherwise provided herein, all Parties shall bear their own costs, expenses and attorneys' fees relating to this Agreement and the Litigation.

6.7     **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment. A failure by any Party to insist on the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist on the specific performance of any and all of the provisions of this Agreement.

6.8     **Counterparts.** Named Plaintiff and Defendants may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Named Plaintiff and Defendants signed the same instrument.

6.9     **Signatures, Transmittals, Electronic Copies and Facsimiles.** Once a Party has executed this Agreement, that signature page may be transmitted by email or facsimile to counsel for the other Party. Any signature made and transmitted by email or facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding on the Party whose counsel transmits the signature page by email or facsimile.

6.10    **Authority of Corporate Signatories.** Defendants represent and warrant that they are limited liability companies, existing and in good standing under the laws of its state of formation, and that the person executing this Agreement on its behalf is fully authorized to bind Defendants.

6.11    **Choice of Law.** This agreement shall be governed by and construed under the laws of the State of Colorado.

*[Signature Page to Follow]*

FOR PLAINTIFFS AND THE CLASS

By: _____.

By: _____
    Plaintiff Michael McKeon, individually
    and on behalf of the Class

Name: _____

Date: _____

Date: _____

FORESTER HAYNIE, PLLC
1701 N. Market Street, Suite 210
Dallas, TX 75202
Tel: (214) 210-2100
Jay@forresterhaynie.com
Matthew@forresterhaynie.com

FOR DEFENDANTS AND RELEASED PARTIES

By: _____

By: _____

Name: _Anthony Treleven_____

Name: _Anthony Treleven_____

Date: _12/2/19_____

Date: _12/2/19_____

Infinity Pizza, LLC

Integrity Pizza, LLC

FOR PLAINTIFFS AND THE CLASS

By: _____

Name: _____

Date: _____

FORESTER HAYNIE, PLLC
1701 N. Market Street, Suite 210
Dallas, TX 75202
Tel: (214) 210-2100
Jay@forresterhaynie.com
Matthew@forresterhaynie.com

By: _____
     Mike mckeon (Nov 22, 2019)
     Plaintiff Michael McKeon, individually
     and on behalf of the Class

Date: Nov 22, 2019 _____

FOR DEFENDANTS AND RELEASED PARTIES

By: _____

Name: _____

Date: _____

Infinity Pizza, LLC

By: _____

Name: _____

Date: _____

Integrity Pizza, LLC

16

| First Name | Last Name |
|------------|-----------|
| Thomas | Adgate |
| Noah | Bauer |
| Brianna | Beeler |
| John | Bernard |
| Jon | Bosse |
| Corey | Brooks |
| Felix | Cano |
| Jorge | Carballo |
| Brandon | Carlson |
| Alyssa | Collins |
| Sarah | Copen |
| Noah | Corgan |
| Blake | David |
| Ethan | Eichelberger |
| Kareonno | Flores |
| Christopher | Fox |
| Andrew J | Gilbert |
| Jasson | Girad Banos |
| Tyler | Green |
| Hunter | Hadsock |
| Sidney | Hamblin |
| William | Heaney |
| William | Jenkins |
| Matthew | Jensen |
| Michael | Krausert |
| Carmen | Lake |
| Michael | Leggero |
| Sean | Little |
| Nate | May |
| Kelly | Mecklenburg |
| Christen | Mendez Ellis |
| Amy | Mershawn |
| Robert | Messick |
| brian | mumford |
| Christopher | Plowman |
| Michele | Poole |

| Jordan | Prezbindowski |
| James | Reschke |
| Colton | Robinson |
| Andrew | Rodowsky |
| Jose | Rodrigue Garcia |
| alexis | salvidrez |
| Nolan | Septer |
| Wesley | Silke |
| Tiffany | Simonson |
| Christopher | Sisseck |
| Alec | Studebaker |
| Tim | Tonozzi |
| Julio | Ureno |
| Kevin | Vega |
| Thomas | Waddingham |
| Bryan | Walker |
| Brennan | Walsh |
| Jacob | Warren |
| Amanda | Wech-Meehan |
| Rion | Witherington |
| Brittanee | Young |
| Garry | Zierhut |
| Eduardo | Alcaraz |
| James | Anderson |
| Peggy | Armstrong |
| Kevin | Barret Keenan |
| Bradley | Barton |
| Jeremy | Bausch |
| Jevola | Brown |
| Derald | Brown |
| BB | Burk |
| Corwin | Coates |
| Ray | Coolidge |
| Dusty | Cotten |
| Lauren | Cress |
| Alyssa | Cummings |
| Jessica | Cummings |

| Kyle | Fay |
|---|---|
| Karl | Flyckt |
| Megan | Franz |
| Joe | Garcia |
| Dustin | Glass |
| Nathan | Gueck |
| Erik | Guettler |
| Valarie | Harriman |
| Robert | Heneghan |
| Greg | Hudson |
| Morgan | Hunt |
| Josh | Joy |
| Cori | Karalus |
| Jonathan | Keeler |
| Caleb | Kennedy |
| Rod | Lerdall |
| James | McBee |
| Scott | McBrayer |
| Zachary | McCarthy |
| Keith | McCay Jr |
| Jessi | McNeill |
| Hank | Metzler |
| Megan | Miller |
| Bridget | Millican |
| Blake | Moore |
| Hannah | Pace |
| Jerry | Parker |
| Steve | Pierson |
| Brianne | Pilkenton |
| Randy | Pumphrey |
| Gary | Robinson |
| Erick | Romero |
| Yvonne | Sanchez |
| Shelby | Schiller |
| Adam | Skorcz |
| Merlene | Solis |
| Josh | Staggs |

| Callie | Storter |
| Marcie | Stuart |
| Tyler | Suppes |
| Jasmine | Syed |
| Teddy | Teske |
| Gabriel | Trujillo |
| Lupe | Valdez |
| Martha | Vazquez |
| Rodd | Warren |
| Chris | Wheatley |
| William | Willden |
| Lane | Yarbrough |
| Shawn | Argo |
| Josh | Beckner |
| Ayla | Black |
| Stephanie | Brittingham |
| Victor | Canchola |
| Jeremy | Casias |
| Braden | Christensen |
| Jerry | Colombo |
| Henry | Emery |
| John | Falkenstein |
| Shayla | Farrell |
| Jerrod | Galloway |
| Andrew | Gilbert |
| Denea | Gordon |
| Leah | Gordon |
| Larry | Hamblen |
| Noel | Hoffman |
| Jordan | Horsley |
| Greg | Hudson |
| Melinda | Huffer |
| Rachelle | Jahnke |
| Zachary | Kelty |
| Andrea | Kenworthy |
| Amber | Latner |
| Chris | Liddle |

| Richard | Martel |
| Kendra | Molina |
| Ryan | Neurauter |
| Shannon | Odom |
| Dominic | Ramirez |
| Tyler | Roudeau |
| Robby | Rowe |
| Nancy | Setzer |
| Dakotah | Shea-Shelley |
| Kerri | Shepherd |
| Brittany | Siebler |
| Shayleen | Sparlin |
| John | Stansbury |
| Nathaniel | Stewart |
| Shaun | Stewart |
| Ethan | Storeng |
| Callie | Storter |
| Matt | VanAckeren |
| Coleen | Voris |
| Rick | Voss |
| Jeremy | Wade |
| Samuel | Walker |
| Erin | Warren |
| Donald | Webb |
| Dylan | Youngblood |
| Braden | Abernathy |
| Cody | Aragon |
| Maggie | Bachrodt |
| Tamara | Bailey |
| Dillon | Bassett |
| Tristan | Beir |
| Kahsiah | Bell |
| Stephanie | Bell |
| Jacob | Bugner |
| David | Caddell |
| Angel | Calderon |
| Brooklin | Cantu |

| | |
|---|---|
| kaysha | clark |
| Emma | Crane |
| Ben | Dearborn |
| Sam | Funger |
| Nicolas | Garcia |
| Thomas | Gaston |
| vanessa | greene |
| Laisa | Herrera |
| Kiara | Hughes |
| Justin | Hughes |
| Walter | Jansen |
| Eric | Knapp |
| robert | lafferrandre |
| Megan | Lai |
| Nicholas | Leseberg |
| Xavier | Loya |
| leviathan | magray |
| Tonya | Markwardt |
| Scott | McBrayer |
| Diana | McDonald |
| Kelly | Mecklenburg |
| Kody | Mitchley |
| Chase | Molitor |
| Alexis | Moores |
| Brian | Mumford |
| Eva | Pearson |
| Nicholas | Ponce |
| Miles | Randolph |
| Nakasha | Reynolds |
| Alexis | Salvidrez |
| Aaron | Selin |
| Sienna | Serafin |
| Nick | Sirko |
| Fred | Smith |
| Joseph | Thomas |
| Kevin | Vega |
| Thomas | Waddingham |

| Doug | Wasley |
| Nichole | Watson |
| Moshe | Weinfeld |
| Michael | Wilson |
| Colton | Woods |
| Richard | Albertini |
| Luke-Oran | Anderson |
| Tristan | Bair |
| James | Ball |
| Sherman | Blake |
| chris | Bonk |
| Jon | Bosse |
| Kaitlyn | Brooks |
| Geoff | Brown |
| Jesse | Bugielski |
| Carly | Cain |
| Johnathan | Castillo |
| Matthew | Castillo |
| Nathan | Cerise |
| Aaron | Champion |
| Justin | Cochran |
| Morgan | Collins |
| Martin | Cruz |
| casey | derochey |
| Alyssa | Diaz |
| Jason | Downs |
| Nicole | Edder |
| Krystal | Elliott |
| Dale | Flaugher |
| Joe | Flowers |
| Austin | Fox |
| Victoria | Garcia |
| Axel | Garcia |
| CHARLENE | GONZALES |
| Taylor | Gore |
| Tyler | green |
| Harley | Hamlin |

| Mariah | Harris |
|---|---|
| Anson | Higgs |
| AMANDA | INGLE |
| JanEva | Jackson |
| Kimmie | Jaeke |
| JUSTIN | JOHNSON |
| Ethan | Jorgensen |
| Koby | Just |
| Shaw | Lewis |
| Dalton | Long |
| Jeffrey | McAskill |
| MASON | McGINLEY |
| Michael | Mckeon |
| Melissa | Mcminn |
| Brandon | Moore |
| Racee | O'Dell |
| Jonathan | Phillips |
| Trey | Pruett |
| Christian | Rainey |
| Roderick | Reeves |
| Wyatt | Robinson |
| Jamie | Scharton |
| Christopher | Sisseck |
| Stefanie | Stagg |
| Mike | Stewart |
| alec | studebaker |
| Riley | Tamburello |
| Daylen | Tamburello O'brien |
| Savannah | Turner |
| Aaron | Wagler |
| Michael | Welch |
| Derek | White |
| Mary | Wright |
| John | Allridge |
| Jill | Barhite |
| Jessica | Block |
| Rusty | Bostick |

| | |
|---|---|
| Bob | Brenner |
| Eli | Burkett |
| Don | Carlile |
| Kaete | Erickson |
| Jarrod | Galloway |
| leah | gordon |
| Dawson | Hallett |
| Joben | Hallett |
| Daniel | Hofmeister |
| Deena | Hogue |
| Ricky | Johnson |
| David | Klachko |
| Laurel | Mason |
| Javen | Naranjo |
| Heather | Olson |
| Trista | Ortiz |
| Eric | Phifer |
| Keith | Rafferty |
| Dominic | Ramirez |
| Robert | Rowe |
| Cody | Saavedra |
| Steven | Schmid |
| Starshine | Shifflett |
| Kira | Shires |
| Brittany | Siebler |
| Shaun | Stewart |
| Stacey | Thacker |
| Riley | Tucker |
| Dylan | Youngblood |
| Jordan | Acord |
| Travis | Backes |
| Brendan | Baldwin |
| Kristin | Barner |
| Michelle | Beteta |
| Matt | Bonk |
| Travis | Briggs |
| Corey | Brooks |
| Brooklin | Cantu |

| Matt | Castillo |
| Kimmie | Castillo |
| Cheryl | Cavegn |
| Thomas | Cleary |
| Thad | CoCo |
| Morgan | Collins |
| Randal | Constantine |
| Jay | Cotter |
| Zachary | Covert |
| Dezarae | Cramer |
| Carmalita | Cruth |
| Martin | Cruz |
| Miguel | Flores |
| Thomas | Gaston |
| Joe | gibson |
| Tyler | Green |
| Vanessa | Greene |
| Sidney | Hamblin |
| Jordan | Hanakeawe |
| Joseph | Hemberger |
| Jonathan | Hemberger |
| Monica | Hergemueller |
| Sharee | Hoffmann-Hermann |
| Kalina | Kidd |
| Allison | King |
| Alexandru | Kloss |
| Kristy | Kolecki |
| Arrow | Lontine |
| Jessica | Lowry |
| Kaitlyn | Maxey |
| Debra | McKenzie |
| matthew | McKenzie |
| Michael | Mckeon |
| Amber | Meeks |
| Renthia | Monroe |
| Jonathon | Montiel |
| Carlos | Morales |

| David | Perkins |
|---|---|
| Josh | Perley |
| Mark | Preston |
| Alden | Rasic |
| Chelsea | Rebuck |
| Alexx | Rice |
| Brad | Ruffenach |
| Jamie | Scharton |
| Jeremiah | Sisemore |
| Jonathan | Smith |
| Desiree | Smith |
| Nicholas | Sumner |
| riley | tamburello |
| DAYLEN | TAMBURELLO O'BRIEN |
| Chance | Taylor |
| Joseph | Thomas |
| Savannah | Turner |
| WILL | Vanscoy |
| Nancy | Weber |
| Jacob | White |
| Jaime | Wilson |
| Brandon | Wisdom |
| Colton | Woods |
| Mary | Wright |
| Ivan | Wyatt |
| Ira | Anders |
| TJ | Arguelles |
| Eloy | Armas |
| Sydni | Baca |
| Andrew | Baca |
| Aaron | Bailon |
| Taylor | Beardsley |
| Daniel | Bennett |
| Anna | Blank |
| Kayla | Brito |
| Trey | Brown |
| Jacob | Bugner |

| D. | Bunnell |
|---|---|
| Jesus | Camunez |
| Vladimir | Carbajal |
| John | Carey |
| James | Carpenter |
| Jay | Carrasco |
| Cesar | Castillo |
| Matthew | Castillo |
| Jessica | Chambers |
| Karen | Chandler |
| Axel | Chavez-Zapien |
| AnnaMae | Cline |
| Kevin | Dasgupta |
| Ryan | Davis |
| Kori | Day |
| casey | derochey |
| Jerry | Eastman |
| Elliot | Egloff |
| Jeffery | Erickson |
| Tino | Esparsen |
| Jonathon | Esparsen |
| Casey | Esparsen |
| Emili | Fowler |
| Austin | Fox |
| Pedro | Gallegos |
| Hector | Gandarilla |
| Jordy | Gastelum |
| Blaine | Gehrett |
| Andrew | Gilbert |
| Isaias | Gonzalez |
| Luis | Guajardo Martinez |
| Andres | Hernandez |
| Quade | Hill |
| Shari | Hoffman |
| Tiffany | Holder |
| Allen | Holmes |
| Morgan | Hunt |

| Trevor | Hutchins |
|--------|----------|
| Billy | Jenkins |
| Jeremiah | Johnston |
| Brandon | Le Blanc |
| James | Lewis |
| Pedro | Luevano |
| Tyler | Malnerich |
| Katie | Marquez |
| Taylor | Martin |
| nate | may |
| Michael | McKeon |
| Kelly | Mecklenburg |
| Christen | Mendez Ellis |
| Dabria | Moseley |
| Chistopher | Mullen |
| Edgar | Munoz |
| Lucas | Nathans |
| Ashley | Odekirk |
| Victoria | Olson |
| Bryan | Parra |
| Logan | Permenter |
| Laura | Pigg |
| Oliver | Pilas |
| James | Reschke |
| Dan | Reyes |
| Isaac | Rivera |
| Levitnia | Rodriguez |
| Michelle | Rodriguez |
| Fabiola | Rodriguez |
| Diana | Rogers |
| Jamie | Ruiz |
| Steven | Sailer |
| Jacey | Schlegel |
| Alexandria | Seng |
| Nicholas | Sirko |
| Wayne | Smith |
| Mason | Sonnier |

| Jimmie    | Stewart      |
|-----------|--------------|
| Anthony   | Stewart      |
| Ryan      | Taylor       |
| Irving    | Terrazas     |
| Joshua    | Tibke        |
| Damian    | Trow         |
| Isaiah    | Vasquez      |
| Jacob     | Warren       |
| Michael   | Weilenman    |
| Rion      | Witherington |
| Dane      | Woodhead     |
| Mackenzie | Woodhead     |
| Colton    | Woods        |
| Daniel    | Yamane       |
| Brittanee | Young        |

| First Name | Last Name |
| --- | --- |
| Gabriella | Axarlis |
| Maxx | Bell |
| Jean | Berenjy |
| Billy | Berry |
| Brayden | Bloomfield |
| Krystal | Bruner |
| Taylor | Burrows |
| Tawny | East |
| Lacey | Erickson |
| Wendy | Ethridge |
| Destiny | Fejeran |
| Grace | Foster |
| Garrett | Fyler |
| Blaine | Gehrett |
| Valentino | Gonzalez |
| Remy | Gonzalez |
| Ashlie | Gray |
| Jeff | Hughes |
| Rosemarie | Kendter-Cose |
| Keyana | Kern |
| Robert | Lafferrandre |
| Teddi | Larson - Ridgeway |
| James | Lynch |
| Ric | Mainiero |
| Jeremiah | Martinez |
| Trustin | McKee |
| Marilyn | McKeon |
| Michael | Mckeon |
| Jake | Melendrez |
| Julia | Odom |
| Rich | Passey |
| Koby | Pederson |
| Adam | Peloquin |
| Jenna | Pierce |
| Wendy | Pierce |
| Rod | Pombo |

Case 1:18-cv-00932-WJM-KLM   Document 343-2   filed 12/09/19   USDC Colorado   Page 2 of 2

| Terry | Ramirez |
|---|---|
| Kyle | Rentz |
| Jay | Ridgeway |
| Tylor | Shipley |
| Anel | Simental |
| Brandon | Stahlbush |
| John | Tavoada |
| Oscar | Tovar-Guzman |
| Theron | Veale |
| Tony | Weese |
| Stefan | Weinberger |
| Nathan | Williams |
| Lyle | Wooldridge |